[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13942
Non-Argument Calendar

_____

D. C. Docket No. 04-00457-CR-T-30-MSS-009

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS DIAZ,
a.k.a. Gringo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 27, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jesuz Diaz appeals his sentence for conspiracy to distribute and possess with intent to distribute one or more kilograms of a substance containing heroin in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 846. Diaz asserts the district court committed reversible error by rendering an unreasonable sentence because it did not reduce Diaz's sentence below the applicable Guidelines range. Diaz contends that in considering the nature of his offense and personal characteristics the district court should have imposed a lower sentence under 18 U.S.C. § 3553(a)(1). Diaz's sentence is reasonable, and we affirm.[1]

We review a defendant's ultimate sentence, in its entirety, for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). The factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed

---

[1] The Government contends we lack jurisdiction to review the district court's decision not to impose a sentence below the applicable Guidelines range. This argument is without merit. We have recently held "a post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to [18 U.S.C.] § 3742(a)(1)." *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006). Accordingly, we have jurisdiction under § 3742(a)(1) to review Diaz's sentence for reasonableness. *Id.* The Government also asserts we should hold a sentence within the applicable Guidelines range is presumptively reasonable. We have expressly rejected this argument. *United States v. Talley*, 431 F.3d 784, 787 (11th Cir. 2005).

educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786.

"[N]othing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Post-*Booker*, the sentencing court still must calculate the Guidelines correctly. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).

Here, the district court correctly calculated the Guidelines, considered the factors in § 3553 and Diaz's arguments, and imposed a reasonable sentence. Diaz does not assert the district court erred in its calculation of the Guidelines, and a review of the record does not reveal any error. In listening to Diaz's arguments and in reviewing the pre-sentence investigation report, the court considered the history and characteristics of Diaz. 18 U.S.C. § 3553(a)(1). The court considered the nature of the offense and found Diaz was one of the "most active sellers" in a conspiracy involving the sale of over 10 kilograms of heroin. *Id.* The court also considered the treatment available to Diaz and ordered him to participate in mental health and drug treatment, and furthermore, the court noted Diaz should be able to

3

receive treatment for his Hepatitis C in prison. 18 U.S.C. § 3553(a)(2).

Additionally, Diaz's sentence of 188 months' imprisonment was well below the

statutory maximum sentence of life imprisonment. 18 U.S.C. § 3553(a)(3); 21

U.S.C. §§ 841(b)(1)(A)(i) and 846.

Accordingly, we conclude Diaz's sentence was reasonable in light of the

record and the factors of § 3553(a). We affirm Diaz's sentence.

AFFIRMED.